COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-041-CR

 

 

JACK ROBERT GRUNWALD                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Jack Robert Grunwald is
attempting to appeal from his conviction for driving while intoxicated.  We dismiss the appeal for want of
jurisdiction.








The trial court signed the
judgment on January 9, 2007.  Although
appellant filed a motion for new trial, it was not timely.  Therefore, appellant=s notice of appeal was due February 8, 2007 but was not filed until
February 9, 2007.[2]  On March 6, 2007, we notified appellant by
letter that his appeal was subject to dismissal for want of jurisdiction
unless, by March 16, he filed a response showing that his appeal was timely.[3]  No response has been filed.  Accordingly, we dismiss the appeal for want
of jurisdiction.[4] 

 

PER CURIAM

PANEL D: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
APRIL 19, 2007                                











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 26.2(a) (providing that
the notice of appeal must be filed within thirty days after sentence is imposed
unless the defendant timely files a motion for new trial).





[3]See Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that a timely
notice of appeal is necessary to invoke a court of appeals=
jurisdiction).





[4]See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)
(holding that, if an appeal is not timely, the court of appeals can take no
action other than to dismiss the appeal).